IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PURPLE TREE TECHNOLOGIES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Case No. 2:11-CV-04016-NKL |
| | ) | |
| MAURICE W. KARL, | ) | |
| Defendant. | ) | |

PLAINTIFF'S MOTION TO REMAND FOR LACK
OF SUBJECT MATTER JURISDICTION AND
SUGGESTIONS IN SUPPORT THEREOF

**COMES NOW** Plaintiff, by and through counsel, and moves for remand on the grounds that the federal courts lack subject matter jurisdiction over this case, and that this Court enter an award of attorney fees for Plaintiff pursuant to 28 U.S.C. § 1448(c) on the grounds that they improvidently sought removal of a state court claim to this Court.

SUGGESTIONS IN SUPPORT

Because this action arises under state law and does not seek either (1) a remedy expressly granted by Federal law or (2) a construction of a Federal law, this Court lacks subject matter jurisdiction and the case should be remanded to State Court.

A district court shall remand a case to state court any time before final judgment if it appears that the district court lacks subject matter jurisdiction, 28 U.S.C. § 1448( c). The mere existence of a patent or copyright does not confer jurisdiction to the federal courts, *T.B. Harms Company v. Eliscu*, 339 F.2d 823 (2nd Cir. 1964). Generally a defendant may remove a case from state court to federal court only if the federal court would have original jurisdiction over the action, 28 U.S.C. §1441.

While federal district courts have original and exclusive jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trademarks, 28 U.S.C. § 1338, not every complaint that refers to patents or the Copyright Act <u>arises</u> under that law, *Image Software, Inc. v. Reynolds and Reynolds Co.,* 459 F.3d 1044, 1049 (10th Cir. 2006).

> The Federal courts have exclusive jurisdiction of all cases arising under the patent laws, but not all questions in which a patent may be the subject matter of the controversy. For courts of a state may try questions of title, and may construe and enforcer contracts relating to patents. *New Marshall Engine Co. v. Marshall Engine Co.,* 223 U.S. 473, 478 (1912).

"It is well-established that not every complaint that refers to the Copyright Act 'arises under' that law for purposes of 28 U.S.C. § 1337(a)," *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 347 (2nd Cir. 2000).

The Second Circuit, in *T.B. Harms v. Eliscu, supra,* set forth the "most frequently cited test" for determining whether an action <u>arises</u> under the Copyright Act, *Image Software, Inc.* 459 F.3d at 1049 citing *Gener-Villar v. Adcom Group, Inc.,* 417 F.3d 201, 203 (1st Cir. 2005). Under the *T.B. Harms* test, a suit arises under the Copyright Act if (1) the complaint is for a remedy expressly granted by the Act, <u>e.g.,</u> a suit for infringement, or (2) the complaint asserts a claim requiring construction of the Act. *Image Software, Inc.,* 459 F.3d 1050, citing *Bassett, supra* at 349. This was because:

> …the Federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law. Indeed, the case for an unexpansive reading of the provision confirming exclusive jurisdiction with respect to patents and copyrights has been especially strong since expansion would entail depriving state courts of any jurisdiction over matters having so little federal significance, *T.B. Harms,* 339 F.2d at 826.

The Second Circuit's analysis turns on what is alleged on the face of the petition or complaint, *Bassett*, 204 F.3d at 349, *Image Software*, 459 F.3d at 1050. "This test is essentially a

reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint", *Id* citing *Scholastic Entm't Inc., v. Fox Entm't Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003).[1]

Nothing in Plaintiff's state court petition seeks either a remedy expressly granted by federal law or a construction of a federal law. Thus, under the foregoing analysis, the federal courts lack subject matter jurisdiction. And it matters not if a defendant attempts to craft a federal law issue in his answer, *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 399 (1987) "Whether a claim arises under federal law is determined by reference to the complaint alone, the existence of a potential defense based on federal law does not confer a right to remove", *Rogers v. Yonce,* Case No. 07-CV-704-GKF-PJC, (U.S. Dist. Ct. N.D. Okla July 21, 2008), citing *Caterpillar, supra*.

While federal copyright law authorizes an assignment of a copyright by written instrument, it does not "specify a cause of action to fix the locus of ownership" of copyrights, *T.B. Harms,* 339 F.2d at 827. If a case concerns a dispute as to ownership of a copyright, and the issues of ownership turns on the interpretation of a contract, the case presents only a state law issue, *Jasper v. Bovina Music, Inc.,* 314 F.3ed 42, 46 (2nd Cir. 2002). Assertions growing out of purported contract rights "arise under" state law, *Royal v. Leading Edge Products, Inc.,* 833 F.2d 1 (1st Cir. 1987). Likewise, the Missouri Supreme Court has recognized that where a suit is brought upon a contract of which a patent is the subject matter, the case arises on the contract and not under the patent laws, and the fact that the subject matter of the agreement involved

---

[1] The Second Circuit's approach is followed by the First, Fourth, Fifth, Ninth, Tenth and Eleventh Circuits, *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1, 2, (1st Cir. 1987), *Gibraltor, P.R., Inc. v. Otoki Group, Inc.,* 104 F.3d 616, 619 (4th Cir. 1997), *Goodman v. Lee,* 815 F.2d 1030, 1031 (5th Cir. 1987), *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 584 (9th Cir. 1993), *Image Software*, (10th Cir.), *Supra, MCA Television Ltd. v. Pub. Interest Corp.,* 171 F.3d 1265, 1269-70 (11th Cir. 1999).

patents does not sustain federal jurisdiction, *Bunting v. McDonnell Aircraft Corporation,* 522 SW2d 161, 168 (Mo Banc 1975).

For the foregoing reasons, Plaintiff's Motion for Remand for Lack of Subject Matter Jurisdiction should be sustained.

                                                s/Danieal H. Miller
                                   DANIEAL H. MILLER, MB#29082
                                   DANIEAL H. MILLER, PC
                                   720 W. Sexton Road
                                   Columbia, MO 65203
                                   573-443-1645
                                   573-874-3159 (fax)

                                   ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2011 a true and correct copy of the foregoing was filed using the CM/ECF system which will send a notice of electronic filing to the following:

James J. Kernell jjk@kcpatentlaw.com, lkeyser@usapatlaw.com

J. Randall Coffey rcoffey@laborlawyers.com, csking@laborlawyers.com

Christopher R. Howard crhoward@laborlawyers.com

                                                s/Danieal H. Miller