IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

PURPLE TREE TECHNOLOGIES, INC., )
                                )
                    Plaintiff,  )
                                )
        v.                      )   Case No. 11-04016-CV-C-NKL
                                )
MAURICE W. KARL,                )
                                )
                    Defendant.  )

**ORDER**

This dispute concerns the ownership of telephonic technology and a patent based on that technology. The Defendant, Maurice Karl ("Karl"), claims ownership because he invented the technology. The Plaintiff, Purple Tree Technologies, Inc. ("Purple Tree"), claims ownership based on an agreement between Purple Tree and Karl transferring ownership or licensing of the technology to Purple Tree.

The question before the Court is whether the Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction [Doc. # 27] should be granted or denied. If the lawsuit raises a substantial question concerning the relevant patent, then the Court has subject matter jurisdiction under 28 U.S.C. § 1321. On the other hand, if this lawsuit is about who owns the patent or the underlying technology, then there is no subject matter jurisdiction because common law disputes involving property rights and contracts cannot be heard in federal court absent diversity of citizenship.

1

Purple Tree's Complaint does not mention any patent, but that does not resolve the question. Artful pleading cannot deprive a federal court of jurisdiction. *Phipps v. F.D.I.C.*, 417 F.3d 1006 (8th Cir. 2005). Thus, to determine whether Purple Tree's claim arises under federal or state law, the Court must consider Purple Tree's theory of recovery and the relief sought. *Luckett v. Delpark, Inc.*, 270 U.S. 496 (1926).

In Count I, Purple Tree's complaint seeks a declaration of ownership of the technology in dispute. In Count I, Purple Tree does not refer to Karl's patent covering the disputed technology, and nowhere does Purple Tree allege that it owns the patent. However, in the introduction to its Complaint, Purple Tree does indicate that Purple Tree entered into a licensing agreement with Karl after Karl patented the technology. Thus, reading between the lines, it appears that there might be a dispute between the parties concerning the licensing of the patent or possibly the ownership of the patent based on Purple Tree's alleged pre-existing ownership of the technology.

Even so, having considered the Purple Tree's Complaint broadly as a whole, it is clear that Purple Tree only seeks a determination of who owns the disputed technology or who owns the patent or, alternatively, the effect of the licensing agreement. To resolve these disputes, a court need not interpret the patent or determine whether it has been infringed. It need only resolve state property and contract law questions. Ownership will determine who controls the technology or patent and the terms of the licensing agreement will determine the respective rights of the parties to that agreement.

The Court's conclusion is not altered by the fact that Purple Tree's Complaint

requests that Karl not interfere with Purple Tree's plan to market the disputed technology. That remedy is sought based on Purple Tree's claim that it owns the patent/technology or is the licensee of it. *See Omaha Cold Storage Terminals, Inc. v. Cunningham*, 1986 WL 15548 (N.D. Iowa 1986). In other words, Purple Tree is not claiming that Karl's patent is invalid or that Purple Tree has a different patent that predates Karl's patent or that the technology that Purple Tree seeks to market is different from the technology covered by Karl's patent. Rather, this dispute is at most about the parties' agreements concerning ownership or licensing of the disputed technology and relevant patent. For the Court to hold otherwise would be to transform every common law ownership claim involving patents into a noninfringement claim with subject matter jurisdiction in federal court. This is contrary to law. *See Luckett v. Delpark, Inc.*, 270 U.S. 496 (1926); 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3582 (3d ed. 2008).

All of the cases cited by Karl are distinguishable. Specifically, *Board of Trustees v. Roche Molecular Systems, Inc.*, 583 F.3d 832 (Fed. Cir. 2009), and *DBB Technologies, L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284 (Fed. Cir. 2008), do not address the issue of subject matter jurisdiction. In *Board of Trustees*, subject matter jurisdiction was based on plaintiff's invalidity claim, and in *DBB Technologies*, subject matter jurisdiction was based on plaintiff's infringement claim. Therefore, these cases do not stand for the principle that the Federal Circuit has created a federal common law standard for subject matter jurisdiction when an assignment of a patent is at issue.

Therefore, it is hereby ORDERED that Plaintiff's Motion to Remand for Lack of

Subject Matter Jurisdiction [Doc. # 27] is GRANTED.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 26, 2011
Jefferson City, Missouri

4